

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

APR 0 3 2015

JAMES W. McCORMACK, CLERK
By:_____
                    DEP CLERK

IN THE UNITED STATE DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

LINDA NICKLE AND
PRESTON NICKLE                                          PLAINTIFFS

VS.                    NO 4:15CV189-SWW

LIBERTY MEDICAL, LLC, and
ATLS MEDICAL SUPPLY, INC. f/k/a
LIBERTY MEDICAL SUPPLY, INC.              DEFENDANTS

This case assigned to District Judge Wright
and to Magistrate Judge Volpe

## COMPLAINT

Plaintiffs, Linda Nickle and Preston Nickle, by and through counsel Wright, Lindsey & Jennings LLP, submit the following as their complaint against defendants Liberty Medical, LLC, and ATLS Medical Supply, Inc., f/k/a Liberty Medical Supply, Inc. and in support of their claim for damages, states:

### I. STATEMENT OF JURISDICTION AND VENUE

1. This Court has jurisdiction over the parties to and the subject matter of this action pursuant to 42 U.S.C. §1332.

2. Venue is proper in this Court pursuant to 42 U.S.C. §1391.

### II. PARTIES

3. The claims asserted herein arise from the personal injuries suffered by Linda Nickle, as a result of the negligence of defendant Liberty Medical Supply, Inc. All acts relevant to the claims and causes of action asserted herein occurred after February 15, 2013.

1253052-v1

4. At all relevant times, Linda and Preston Nickle were citizens of the State of Arkansas and residents of North Little Rock, Pulaski County, Arkansas.

5. Defendant ATLS Medical Supply, Inc. f/k/a Liberty Medical Supply, Inc. is a Florida corporation with its principal place of business in Massapequa, New York. ATLS Medical Supply, Inc. f/k/a Liberty Medical Supply, Inc. is licensed by the Arkansas State Board of Pharmacy as a supplier of medical equipment, License # MG01201.

6. Defendant Liberty Medical, LLC is a Florida limited liability company which on or about December 2014 purchased the assets of Liberty Medical Supply, Inc., including the Arkansas State Board of Pharmacy license as a supplier of medical equipment. According to information provided by the Florida Department of State, the managing members of Liberty Medical, LLC, are Timothy L. Stockdale, David A. Wallace, and Shaun L. McGruder. Upon information and belief, these individuals are all citizens and residents of the State of Florida. Upon information and belief, no member of Liberty Medical, LLC, is a citizen of the State of Arkansas.

7. The defendants are collectively referred to as "Liberty Medical."

### III.  STATEMENT OF THE CASE

8. Plaintiff Linda Nickle ("Mrs. Nickle") has been an insulin-dependent diabetic since 1988. She has managed her diabetes with an insulin pump since approximately 2006.

9. Defendant Liberty Medical was the supplier of Mrs. Nickle's insulin pump and related supplies necessary to use the pump.

10.     On November 13, 2013, Liberty Medical received a referral for a new insulin pump for Mrs. Nickle ("Order # 1"). The referral indicated that her pump was malfunctioning and out of warranty. The order also included additional infusion sets and pump supplies.

11.     For approximately 6 months after the order was submitted, Liberty Medical failed to fulfill the order for a replacement insulin pump. Despite the fact that Mrs. Nickle had been approved for an insulin pump for many years, Liberty Medical repeatedly requested additional documentation justifying the medical need for the replacement pump. Although Mrs. Nickle and staff in the office of Dr. Boehm, her endocrinologist, submitted all documentation requested, Mrs. Nickle never received any part of Order # 1.

12.     Mrs. Nickle later learned that Liberty Medical had placed a hold on Order #1. Liberty Medical has offered no explanation for its unnecessary and erroneous refusal to fill Order #1.

13.     Because she never received the supplies that she needed to be able to use her insulin pump, on January 16, 2014, Mrs. Nickle contacted Liberty Medical to submit a second order for infusion sets, reservoirs and pump batteries ("Order #2").

14.     Mrs. Nickle later learned that the Liberty Medical employee who took Order #2 did not process the second request for supplies but instead put Order #2 on the same delayed and unexplained hold as Order #1.

15. On January 27, 2014, Mrs. Nickle had still not received any of the diabetic supplies that she had ordered on two separate occasions. She contacted Liberty Medical to check on her orders and told them that she was out of supplies. Liberty Medical's staff told her that her account would be updated and her requested supplies would be sent via overnight delivery. However, Liberty Medical did not ship the supplies as promised by its staff.

16. Both Mrs. Nickle and the staff of her endocrinologist's office contacted Liberty Medical numerous times in an attempt to determine why her orders had not been shipped. Despite these efforts, Mrs. Nickle did not receive either of her orders.

17. Because she could not get the supplies she needed to use her insulin pump, Mrs. Nickle was forced to try to manage her diabetes through syringe injections of insulin. The syringe injections did not adequately manage her diabetes.

18. As a direct result of Liberty Medical's failure to provide the supplies for her insulin pump, on February 24, 2014, Mrs. Nickle was hospitalized with severe hyperglycemia, also known as diabetic ketoacidosis ("DKA").

19. As a direct result of Liberty Medical's failure to provide Mrs. Nickle an insulin pump and related supplies, Mrs. Nickle suffered a heart attack on or about February 24, 2014.

20. As a direct result of Liberty Medical's failure to provide Mrs. Nickle an insulin pump and related supplies, Mrs. Nickle suffered a stroke in the summer of 2014.

21. During the period Liberty Medical failed to provide her an insulin pump and related supplies, which includes the time period both leading to and during her hospitalization, Mrs. Nickle has experienced pain, suffering and mental anguish, all as a direct and proximate result of Liberty Medical's failure.

22. As a direct and proximate result of Liberty Medical's failure to provide her an insulin pump and related supplies, Mrs. Nickle has experienced significant and permanent mental and physical injury, as well as pain and suffering and mental anguish.

23. Liberty Medical knew that Mrs. Nickle had diabetes and knew or should have known that its failure to provide Mrs. Nickle with the insulin pump, and related supplies that she ordered from Liberty Medical would naturally and probably result in injury or damage to Mrs. Nickle. Nevertheless, Liberty Medical continued its conduct with malice or reckless disregard of the consequences from which malice can be inferred.

### IV.   CAUSES OF ACTION

#### A.   NEGLIGENCE

24. The allegations in paragraphs 1-23 are incorporated herein by reference pursuant to Fed. R. Civ. P. 10(c).

25. By virtue of Arkansas law, as a licensed supplier of medical equipment, Liberty Mutual owed a duty to Mrs. Nickle to provide her with medical equipment and supplies with the level of care necessary to prevent injury to her.

Case 4:15-cv-00189-JLH   Document 1   Filed 04/03/15   Page 6 of 8

26. Liberty Mutual was careless and negligent in its care of Mrs. Nickle in the following particulars:

   (a) In improperly processing the replacement insulin pump order in Order #1, causing unnecessary delay;

   (b) In completely failing to fill the insulin pump supplies order in Order #1;

   (c) In improperly processing Order #2, causing unnecessary delay;

   (d) In failing to accurately communicate the status of Orders #1 and #2 with Mrs. Nickle and her medical provider;

   (e) In otherwise failing to exercise proper care under the circumstances.

27. The careless and negligent conduct and fault of Liberty Medical proximately caused Mrs. Nickle significant and permanent mental and physical injury, as well as pain and suffering and mental anguish.

### B.   LOSS OF CONSORTIUM

28. The allegations in paragraphs 1-27 are incorporated herein by reference pursuant to Fed. R. Civ. P. 10(c).

29. At all times relevant to the facts and claims stated above, Preston Nickle was married to Mrs. Nickle.

30. As a direct and proximate result of the negligence of Liberty Medical, Preston Nickle suffered a loss of services, society, companionship, and marriage relationship with Mrs. Nickle.

## VII.  DAMAGES

31.  The allegations in paragraphs 1-30 are incorporated herein by reference pursuant to Fed. R. Civ. P. 10(c).

32.  As a direct and proximate result of the actions of Liberty Medical described above, Linda Nickle and Preston Nickle are entitled to compensatory damages in an amount in excess of the minimum amount required to invoke federal jurisdiction in diversity of citizenship cases.

33.  Liberty Medical knew, or should have known, in the light of the surrounding circumstances, that its conduct would naturally and probably result in injury and damage and it continued such conduct with malice or in reckless disregard of the consequences, from which malice can be inferred.

34.  Accordingly, in addition to the compensatory damages set forth above, and as a result of the Liberty Medical's willful and wanton conduct and reckless disregard for the rights and safety of others, punitive damages should be imposed.

## VIII.  JURY DEMAND

35.  Linda Nickle and Preston Nickle respectfully demand a trial by jury.

## IX.  PRAYER

WHEREFORE, Plaintiffs Linda Nickle and Preston Nickle pray that they be awarded compensatory and punitive damages in an amount in excess of the minimum amount required to invoke federal jurisdiction in diversity of citizenship cases, together with costs and for all other just and proper relief.

WRIGHT, LINDSEY & JENNINGS LLP
200 West Capitol Avenue, Suite 2300
Little Rock, Arkansas 72201-3699
(501) 371-0808
FAX: (501) 376-9442
E-mail: kwilson@wlj.com
egee@wlj.com

By /s/
Kyle R. Wilson (89118)
Erika Ross Gee (2001196)
*Attorneys for Plaintiff*