# IN THE UNITED STATE DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
### WESTERN DIVISION

LINDA NICKLE AND
PRESTON NICKLE                                        PLAINTIFFS

VS.                          NO 4:15cv189-JLH

ATLS MEDICAL SUPPLY, INC., f/k/a
LIBERTY MEDICAL SUPPLY, INC.                          DEFENDANT

## PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT
## (LIABILITY AND CAUSATION)

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, plaintiffs Linda
Nickle and Preston Nickle move for partial summary judgment on the issues of the
defendant's liability and on causation, including specifically as to Mrs. Nickle's
heart attack and stroke.   For grounds, the Nickles state:

1.      Defendant ATLS Medical Supply, Inc. f/k/a Liberty Medical Supply,
Inc. ("Liberty Medical") has played it fast and loose on the question of whether its
negligence caused the Nickles' claimed damages, including Mrs. Nickle's heart
attack and stroke.

2.      When it suits it, Liberty Medical admits to causation.  Specifically, to
obtain a favorable consent settlement agreement of a complaint brought by the
Arkansas State Board of Pharmacy, Liberty Medical expressly conceded that its
negligence caused Mrs. Nickle's heart attack and stroke.

3.      Then, after the Nickles filed this lawsuit, Liberty Medical (through its
attorney, Paul Keenan) made false representations regarding the negotiation of that

consent agreement to allow it to withdraw the factual concessions while keeping the favorable settlement terms.

4.     Now, although Liberty Medical admits to the underlying facts of this case and admits that it was negligent in failing to provide an elderly woman with her vital diabetic supplies, it denies that it caused the Nickles any damages at all.

5.     Based on the doctrine against inconsistent positions, Liberty Medical should be estopped from denying causation in this matter.

6.     Liberty Medical knowingly admitted to causation in front of the Pharmacy Board, the Pharmacy Board relied on that admission, and Liberty Medical accepted the benefits of a favorable settlement based on that admission.

7.     To allow Liberty Medical to withdraw that admission now, especially in light of the fraudulent tactics it employed in front of the Pharmacy Board, would severely impair the integrity of the processes of the Pharmacy Board and this Court.

8.     Accordingly, this Court should hold Liberty Medical to its original admission in the Pharmacy Board and enter summary judgment in the Nickles' favor on the issues of liability and causation, including specifically as to Mrs. Nickle's heart attack and stroke.

9.     In support of this motion, the Nickles rely upon the following:

a.     Exhibit A, a copy of the consent agreement executed between Liberty Medical and the Pharmacy Board on April 1, 2015;

b.      Exhibit B, a copy of Mrs. Nickle's inpatient record from her February 24, 2014 hospitalization at Baptist Health-North Little Rock;

c.      Exhibit C, a copy of the Pharmacy Board's March 26, 2014 notice of complaint to Liberty Medical;

d.      Exhibit D, a copy of the Pharmacy Board's July 15, 2014 order and notice of hearing to Liberty Medical;

e.      Exhibit E, relevant excerpts of the deposition of Brenda McCrady, deputy director of the Pharmacy Board;

f.      Exhibit F, a copy of the March 31, 2015 email from Liberty Medical attorneys to Pharmacy Board attorneys;

g.      Exhibit G, a copy of the April 1, 2015 email from Liberty Medical attorneys to Pharmacy Board attorneys;

h.      Exhibit H, copies of the motion and order in Liberty Medical's bankruptcy proceeding appointing Robert Rosenfeld as Liberty Medical's sole officer;

i.      Exhibit I, relevant excerpts of the deposition of Robert Rosenfeld;

j.      Exhibit J, relevant excerpts of the deposition of Lenora Newsome, president of the Pharmacy Board;

k.      Exhibit K, a copy of the July 30, 2015 email from Paul Keenan, an attorney for Liberty Medical, to the Pharmacy Board;

3

l.      Exhibit L, relevant excerpts of the deposition of Michelle
        LeFrancois;

m.      Exhibit M, relevant excerpts of the deposition of Phillip Monaco;

n.      Exhibit N, relevant excerpts of the deposition of Frank Harvey;

o.      Exhibit O, a copy the August 5, 2014 email from Noelle Rickert
        (a Liberty Medical employee) to the Pharmacy Board;

p.      Exhibit P, a copy of the consent agreement executed between
        Liberty Medical and the Pharmacy Board on October 28, 2015;
        and

q.      Exhibit Q, a copy of the October 26, 2015 Liberty Medical check
        paying the Pharmacy Board's $50,000 fine against Liberty
        Medical.

10.     In accordance with Local Rules 7.2 and 56.1, the Nickles are filing a
memorandum brief and statement of undisputed material facts in support of this
motion.

        WHEREFORE, plaintiffs Linda and Preston Nickle pray that the Court grant
their motion; enter summary judgment in their favor on the issues of liability and
causation, including specifically as to Mrs. Nickle's heart attack and stroke; and for
all other proper relief.

1312275-v1

WRIGHT, LINDSEY & JENNINGS LLP
200 West Capitol Avenue, Suite 2300
Little Rock, Arkansas 72201-3699
(501) 371-0808
FAX: (501) 376-9442
E-MAIL:    kwilson@wlj.com
             egee@wlj.com
             mthompson@wlj.com


By: /s/ Kyle R. Wilson
     Kyle R. Wilson (89118)
     Erika R. Gee (2001196)
     Michael A. Thompson (2010146)
     *Attorneys for Plaintiffs*


## CERTIFICATE OF SERVICE

I hereby certify that on May 26, 2016, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which shall send notification of such filing to the following:

    Gene Williams
    Smith, Williams & Meeks L.P.
    500 Broadway Place, Suite 404
    Little Rock   AR   72201
    *Attorneys for Defendant*
    *ATLS Medical Supply, Inc. f/k/a*
    *Liberty Medical Supply, Inc.*

          /s/ Kyle R. Wilson
          Kyle R. Wilson

5